12-5004

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

vs.

DANIEL DONDREKUS JOHNSON,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA,
ANDERSON/GREENWOOD DIVISION

**APPELLANT'S OPENING BRIEF**

JESSICA SALVINI, ESQ.

SALVINI & BENNETT, LLC
101 W. Park Ave.
Greenville, SC 29601
Telephone No.: (864) 232-5800
Facsimile No: (864) 232-5888

Attorney for Appellant

1

# TABLE OF CONTENTS

PAGE

JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . .  6

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . .  6

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . .  7

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . .  10

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

    I.      DID THE DISTRICT COURT ERR WHEN IT
           SENTENCED APPELLANT? . . . . . . . . . . . . . . . .  11

          A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . .  11

          B.  Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

    II.     WAS APPELLANT DEPRIVED OF HIS SIXTH
           AMENDMENT RIGHT TO THE EFFECTIVE
           ASSISTANCE OF TRIAL COUNSEL?. . . . . . . . .  14

          A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . .  14

          B.  Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

2

# TABLE OF AUTHORITIES

**CASES**                                                   **PAGE**

*Anders vs. California,*
386 U.S. 738 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 11

*Gall vs. United States,*
552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11, 12

*Smith vs. Angelone,*
111 F.3d 1126 (4th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . .  14

*United States vs. Carter,*
564 F.3d 325 (4th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . .  12, 13

United States vs. James,
337 F.3d 387 (4th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . .  14

*United States vs. Mendoza-Mendoza,*
597 F.3d 212 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . .  12

*United States vs. Susi,*
674 F.3d 278 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . .  12

*United States vs. Tatum,*
943 F.2d 370 (4th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . .  15

**STATUES &RULES**

Fed.R.Crim.P. 11(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 10

U.S.S.G. § 5K1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 10, 13

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 13

18 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

28 U.S.C. § 2255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11, 15

## JURISDICTION

This appeal arises from the criminal prosecution of Appellant, Daniel Dondrekus Johnson, (sometimes referred to herein as "Mr. Johnson" or "Appellant") in the United States District Court for the District of South Carolina, Anderson/Greenwood Division.[1]  The United States District Court for the District of South Carolina in Anderson/Greenwood had original jurisdiction in the matter of *United States v. Daniel Dondrekus Johnson,* 8:11-cr-2354-001, pursuant to 18 U.S.C. § 3231.

Appellant entered a guilty plea to the charges brought against him in the matter of *United States v. Daniel Dondrekus Johnson,* 8:11-cr-2354-001.  Thereafter, the District Court entered a final judgment therein and imposed sentence.  (Judgment).  Appellant filed a timely Notice of Appeal.  (Notice of Appeal).

This Court has jurisdiction to review the District Court's final judgment and imposition of sentence in this matter pursuant to 28 U.S.C. §1291.

---

[1] This brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Accordingly, no appendix is included herewith.

## STATEMENT OF THE ISSUES

1. Appellant asserts the District Court erred in sentencing him to forty-two (42) months incarceration.

2. Appellant asserts he was denied his Sixth Amendment right under the United States Constitution to the effective assistance of trial counsel.

## STATEMENT OF THE CASE

On or about December 13, 2011, the grand jury returned an indictment charging Mr. Johnson in Two Counts.  (Indictment).  The first Count charged Mr. Johnson with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).  (Id.).  Mr. Johnson was charged in Count Two with possessing body armor, after being convicted of a crime of violence, in violation of 18 U.S.C. § 931(a) and 924(a)(7).  (Id.).

On January 6, 2012, Mr. Johnson was arraigned on the aforementioned charges and he entered a plea of not guilty.  (Docket).

On May 30, 2012, Mr. Johnson, by and through trial counsel, filed a motion to suppress.  (Motion to Suppress).  On June 25, 2012, the District Court denied Mr. Johnson's motion to suppress.  (Docket).

6

On July 2, 2012, Mr. Johnson changed his previously "not guilty" plea to "guilty" to Count One of the aforementioned Indictment. (Docket).

On November 20, 2012, Mr. Johnson appeared before the District Court for sentencing. (Docket). On November 30, 2012, the District Court entered Judgment against Mr. Johnson. (Judgment).

Mr. Johnson filed a timely Notice of Appeal and this matter proceeded to this Court.

## STATEMENT OF FACTS

On or about January 21, 2011, law enforcement officers received information that Mr. Johnson was attempting to sell a shotgun and bullet proof vest from a hotel room in Anderson, South Carolina. Mr. Johnson was staying at the hotel. The manager of the hotel reported to law enforcement that Mr. Johnson had asked him (the manager) if he was aware of anyone who would want to purchase a shotgun and bullet proof vest.

When law enforcement officers arrived at the hotel, they went to the room Mr. Johnson had rented. Mr. Johnson answered the door, and

7

when questioned, denied having the shotgun.  However, Mr. Johnson did tell officers that he had a gun on his person.

Upon law enforcement officers conducting a "pat-down" of Mr. Johnson's person, they discovered he had a revolver in his pants, which they confiscated.  Law enforcement officers also conducted a further investigation and learned that Mr. Johnson's father had rented the room. Thus, they obtained a search warrant for the hotel room.

Upon conducting a search of the hotel room where Mr. Johnson was staying, law enforcement officers located the shotgun and the bullet proof vest.  They also learned from researching Mr. Johnson's criminal history background that Mr. Johnson had been previously convicted of a crime punishable by imprisonment for more than one year, and that he had not received a pardon.  Mr. Johnson's Pre-Sentence Investigation Report set forth in detail his criminal history and corroborated what law enforcement officers learned.  Mr. Johnson was convicted and received a sentence for a burglary/robbery in South Carolina on or about June 1, 2009, which resulted in Mr. Johnson being sentenced to fifty (50) months incarceration, with credit for serving twenty-three (23) months.

8

As a result, the grand jury charged Mr. Johnson in a Two Count Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e); and with possessing body armor, after being convicted of a crime of violence, in violation of 18 U.S.C. §§ 931(a) and 924(a)(7).

On January 6, 2012, Mr. Johnson entered a not guilty plea. Mr. Johnson's trial counsel also proceeded to prepare and file a motion to suppress the evidence seized by law enforcement officers at the hotel room where Mr. Johnson was found.

On June 25, 2012, the District Court denied Mr. Johnson's motion to suppress. As a result, Mr. Johnson entered a guilty plea on July 2, 2012. However, Mr. Johnson did not enter a "conditional" guilty plea pursuant to Federal Rules of Criminal Procedure, Rule 11(a)(2). Thus, Mr. Johnson did not preserve his right to challenge on appeal the District Court's denial of his motion to suppress.

The matter thereafter, proceeded to sentencing. On November 20, 2012, the government moved for a departure in Mr. Johnson's sentence pursuant to U.S.S.G. § 5K1.1. After hearing the arguments of counsel, addressing Mr. Johnson, considering the government's motion made

9

pursuant to Section 5K1.1, as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), the District Court imposed a sentence of incarceration of forty-two (42) months, along with other standard conditions.

Mr. Johnson filed a timely Notice of Appeal.

## SUMMARY OF THE ARGUMENT

Mr. Johnson asserts the District Court erred in sentencing him to forty-two (42) months incarceration. Specifically, Mr. Johnson asserts the District Court should have granted a substantial departure in his sentence based on the government's motion it filed pursuant to U.S.S.G. § 5K1.1. Thus, he argues the District Court erred when it imposed a sentence of incarceration of forty-two months (42), along with other conditions, as Mr. Johnson expected to receive a sentence of eighteen (18) months.

Mr. Johnson also asserts he was denied his Sixth Amendment right to the effective assistance of trial counsel. In doing so, Mr. Johnson complains his trial attorney failed to negotiate and/or request that Mr. Johnson's guilty plea be entered as a "conditional plea," pursuant to the Federal Rules of Criminal Procedure, Rule 11(a)(2), so as to preserve his right to challenge the District Court's denial of his motion to suppress on appeal. Further, Mr. Johnson claims his trial counsel "promised" him a

10

sentence of eighteen (18) months, if he agreed to enter a guilty plea and that he did not receive the "bargained for sentence."

Undersigned counsel has reviewed the record in this matter and found no errors to have been committed by the District Court in sentencing Mr. Johnson. Further, undersigned counsel opines the record does not sufficiently reflect Mr. Johnson was denied the effective assistance of trial counsel and thus, Mr. Johnson should lodge his complaints against his trial counsel in a petition filed pursuant to 28 U.S.C. § 2255. Accordingly, based thereon, this brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## ARGUMENT

### I. APPELLANT ASSERTS THE DISTRICT COURT ERRED IN SENTENCING HIM TO 42 MONTHS INCARCERATION.

#### A. Standard of Review.

This Court reviews the District Court's imposition of a sentence under a deferential abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 51 (2007). First, this Court ensures the District Court did not commit any procedural errors when imposing its sentence, such as improperly calculating the criminal defendant's Sentencing Guidelines

range, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to adequately explain the basis for its sentence. *See  United States v. Carter,* 564 F.3d 325, 328 (4th Cir. 2009).

If the District Court committed no procedural errors, this Court then considers the reasonableness of the sentence the District Court imposed, taking into account the totality of the circumstances. *See Gall,* 552 U.S. at 51.

This Court will presume that a sentence that is within the Sentencing Guidelines range, or below, is substantively reasonable.  See *United States v. Susi,* 674 F.3d 278, 289 (4th Cir.2012).

### B.        Argument.

This Court has held that a District Court should first calculate, or determine the calculation, under the Sentencing Guidelines, then permit the parties to argue for the sentence they deem appropriate and reasonable under the facts and circumstances of the case, before imposing its sentence. *See  United States v. Mendoza–Mendoza,*597 F.3d 212, 216 (4th Cir.2010).  Then the District Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a).   *Id.*

In imposing its sentence, the District Court must state on the record an individualized assessment based on the particular facts of the case. *See Carter,* 564 F.3d at 328, 330.

A review of the record in the instant case, demonstrates the sentence the District Court imposed was both procedurally and substantively reasonable. The District Court properly calculated the Sentencing Guidelines and then considered the argument of counsel regarding the basis for the imposition of its sentence. It also considered the government's motion made pursuant to U.S.S.G. § 5K1.1. The District Court reviewed and considered the government's motion for a downward departure and questioned Mr. Johnson regarding his role in the criminal offenses for which he was charged. In doing so, the District Court also considered the factors set forth in 18 U.S.C. § 3553(a), and stated with specificity the basis for its sentence.

There is nothing in the record that demonstrates the District Court committed any errors. Thus, the District Court did not abuse its discretion when it imposed its sentence in Mr. Johnson's case. While Mr. Johnson desired a sentence below the forty-two (42) months set forth in the

13

District Court's judgment, the record demonstrates no error was committed.

II.    **APPELLANT ASSERTS HIS ATTORNEY DID NOT PROVIDE HIM WITH EFFECTIVE REPRESENTATION**.

A.    **Standard of Review.**

A determination regarding the effectiveness of counsel involves mixed questions of law and fact this Court reviews *de novo. See Smith v. Angelone,* 111 F.3d 1126, 1131 (4th Cir.), *cert. denied,* 521 U.S. 1131 (1997).  However, an Appellant's claims of ineffective assistance of counsel are not reviewed on direct appeal unless Appellant can show conclusively from the face of the record that counsel failed to provide effective representation.  *See United States v. James,* 337 F.3d 387, 391 (4th Cir. 2003), *abrogation on other grounds.*

B.    **Argument.**

In the instant case, the record does not conclusively demonstrate that Mr. Johnson's trial attorney was ineffective.  Mr. Johnson asserts his trial counsel failed to negotiate and/or request that his guilty plea be conditioned on his ability to appeal the District Court's denial of his

14

motion to suppress.  However, the record does not demonstrate that Mr.

Johnson made such a request.  Mr. Johnson also asserts trial counsel

"promised" him an eighteen (18) month sentence.  Yet, the record does

not demonstrate that Mr. Johnson was made any promises as to what his

exact sentence would be if he entered a guilty plea.  To the contrary, the

record demonstrates the opposite, based on a review of the guilty plea

colloquy.  Since the record is devoid of any evidence that trial counsel

was ineffective, Mr. Johnson's claim of ineffective assistance of counsel

is more appropriately brought through a motion made pursuant to 28

U.S.C. § 2255.  As this Court has stated, "[t]ypically the competency of

counsel is best left for collateral review because ... the record is usually

inadequately developed.  The record often reveals only ambiguous

symptoms of a more complex set of relationships which cannot be

adequately addressed on direct appeal."  *United States v. Tatum,* 943 F.2d

370, 373 (4th Cir. 2001).

Accordingly, there does not appear to a basis for this Court to

examine Mr. Johnson's claims of ineffective assistance of counsel in this

appeal.

15

## CONCLUSION

In accordance with the requirements of *Anders v. California,* 386 U.S. 738 (1967), appointed counsel has reviewed the facts and legal issues of this case. It is counsel's opinion that there are no legal issues that were not properly raised or disposed of by the District Court, and there are no grounds for an appeal in this case to the Court of Appeals. A copy of this brief has been served on Appellant at his last known address.

Respectfully Submitted,

<u>s./Jessica Salvini</u>
Jessica Salvini

Attorney for Appellant

Greenville, SC
May 24, 2013

16

# CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App.
32(a)(7)(B) because:

This brief contains approximately 2,049 words, excluding the parts
of the brief exempted by Fed. R. App. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App.
P. 32(a)(5) and the type style requirements of Fed. R. App. P.
32(a)(6) because:

This brief has been prepared in a proportionally spaced type face
using Microsoft Word 2000 in 14 Point Times New Roman.

Date:  May 24, 2013          s/ Jessica Salvini
                             JESSICA SALVINI, ESQ.

                             Attorney for Appellant

17

12-5004

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT


UNITED STATES OF AMERICA,

　　　　　　　　　Appellee,

vs.


DANIEL DONDREKUS JOHNSON,

　　　　　　　　　Appellant.


_____

**CERTIFICATE OF SERVICE**

─────────────────────────────────────────────────────────

　　　　　I hereby certify that on May 24, 2013, I served a true and correct copy of the following:

**APPELLANT'S OPENING BRIEF**

By mailing, or causing to be mailed, a copy to the following person at:

Maxwell Barnes Cauthen, III, Assistant United States Attorney
US Attorney's Office
55 Beattie Place, Suite 700
Greenville, SC 29601

18

Daniel Dondrekus Johnson
c/o Federal Correction Institution
P.O. Box 699
Estill, SC 29918

        s/Tina Matrale
        Legal Assistant



**Salvini & Bennett, LLC**                    **101 W. Park Avenue**
**Attorneys at Law**                          **Greenville, SC 29601**

                                              **(864) 232-5800 Office**

May 25, 2013

Daniel Dondrekus Johnson
c/o Federal Correction Institution
P.O. Box 699
Estill, SC 29918

### *Re:  United States v. Daniel Dondrekus Johnson*

Dear Daniel,

Please be advised that I filed a brief on your behalf in the United States Court of Appeals for the Fourth Circuit in the above captioned matter.  Unfortunately, I indicated in the brief that in my opinion the district court committed no errors.

As I explained to you when we spoke on the telephone, I have researched the issues you raised regarding the district court's sentence, your motion to suppress and your claims of ineffective assistance of trial counsel.  Unfortunately, I could not find a basis for your appeal.

As you instructed, I requested an additional extension within which to prepare and submit your opening brief, so that we could meet in person to discuss your case.  However, the Court of Appeals denied that request. Further, since we have been able to speak with one another over the telephone, an "in-person" meeting was not necessary for me to be able to prepare your brief.

20

I know you disagree with my assessment of your case. However, as a result of my filing a brief pursuant to *Anders vs. California*, the United States Court of Appeals for the Fourth Circuit will send you a letter informing you that you have the right to submit a supplemental brief indicating the errors you believe occurred during your case. This will enable you to argue your issues directly to the Court.

Also, to assist you in preparing your brief, I have sent to you all the records you requested. If additional information is needed, please do not hesitate to write to me or request an additional "legal call".

Sincerely,

JESSICA SALVINI

cc:     Clerk of Court

21